# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2011

No. 10-40791
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICK ROGELIO CONTRERAS, also known as Eddie, also known as Pilar Gonzalez-Lopez, also known as Armando,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CV-36
USDC No. 5:07-CR-378-1

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rick Rogelio Contreras, federal prisoner # 82564-179, was convicted of one charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine and was sentenced to serve 151 months in prison. Contreras filed a motion pursuant to 28 U.S.C. § 2255 to challenge his conviction and sentence. The district court denied this motion. The court then

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted Contreras a certificate of appealability (COA) on the issue whether he was denied the effective assistance of counsel as a result of his counsel's failure to file a notice of appeal from his conviction and sentence. This appeal ensued.

Contreras contends that he "asked his attorney about an appeal" and that his ensuing discussion with his counsel consisted only of counsel's notifying him of the right to appeal and expressing his opinion that an appeal would not be successful. When analyzing the district court's denial of a § 2255 motion, we review that court's factual findings for clear error and its conclusions of law de novo. *See United States v. Cavitt,* 550 F.3d 430, 435 (5th Cir. 2008).

To demonstrate ineffective assistance of counsel for failure to file a notice of appeal, the movant must show that counsel performed deficiently and that a reasonable probability exists that, but for counsel's deficient performance, the movant would have timely appealed. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 484, 486 (2000). Counsel's performance is deficient if he disregards his client's wishes concerning filing an appeal or if he fails to consult with his client on the matter when counsel has a constitutionally imposed duty to do so. *Id.* at 477-78.

Contreras has failed to show that his trial counsel's performance was constitutionally deficient. The record evidence supports the district court's rejection of Contreras's claim that counsel infringed his appellate rights by neither filing a notice of appeal on his behalf nor fully informing him of the process for taking an appeal. This evidence shows that Contreras did not timely request that counsel pursue an appeal. The evidence likewise shows that counsel fulfilled his duty to consult with Contreras concerning an appeal.

Contreras has shown no error in connection with the district court's rejection of his claim that counsel rendered ineffective assistance with respect to filing a notice of appeal and consulting with him concerning his appellate rights. Consequently, the judgment of the district court is AFFIRMED.